IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAVID KELLEBREW, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-0275 |
| | § | |
| UNUM LIFE INSURANCE | § | |
| COMPANY OF AMERICA, *et al.*, | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on the Motion to Dismiss Certain Claims [Doc. # 4]

filed by Defendants UNUM Life Insurance Company of America ("UNUM") and

Danka Office Imaging Company ("Danka").   Plaintiff David Kellebrew filed his

Response [Doc. # 8] and Defendants filed a Reply [Doc. # 9].  The Court has carefully

reviewed the full record in this case and the governing legal authorities.  Based on this

review, the Court concludes that Plaintiff's state law claims are preempted by the

Employee Retirement Income Security Act of 1974 ("ERISA").  The Court further

concludes that the claim against UNUM for benefits under § 502 of ERISA is the only

available claim.  As a result, the Court **grants** Defendants' Motion to Dismiss Certain

Claims.

I.      **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff was insured under an ERISA-governed Group Long Term Disability Insurance Policy purchased by his employer, Danka, from UNUM.  Plaintiff alleges that he became wholly and continuously disabled as of September 3, 1999, but that his claim for benefits under the policy was denied.

Plaintiff filed this lawsuit, alleging a breach of contract claim for failure to pay benefits under the policy.  Plaintiff also asserted a claim under "the DTPA and the Insurance Code" generally.  *See* Complaint, ¶ 21.  Plaintiff alleged that UNUM fraudulently induced him to make payments for disability coverage knowing that it did not intend to pay claims.  *Id*., ¶ 22.  Plaintiff alleged that Danka breached a common-law fiduciary duty by not awarding benefits and/or participated in UNUM's fraud.  *Id*., ¶ 23.  Alternatively, Plaintiff asserted a claim under ERISA § 502 for benefits under the policy and an ERISA claim for breach of fiduciary duty.  *Id*., ¶¶ 24-25.

Defendants moved to dismiss all claims except the § 502 claim against UNUM. The motion has been fully briefed and is ripe for decision.

II.     **ANALYSIS**

    A.      **State Law Claims**

ERISA § 502(a) provides a beneficiary under an ERISA policy with a federal cause of action "to recover benefits due to him under the terms of his plan, to enforce

his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." *See* 29 U.S.C. § 1132 ("§ 502(a)). "Section 502, by providing a civil enforcement cause of action, completely preempts any state cause of action seeking the same relief, regardless of how artfully pleaded as a state action." *McGowin v. ManPower Intern., Inc.*, 363 F.3d 556, 559 (5th Cir. 2004) (citing *Giles v. NYLCare Health Plans, Inc.,* 172 F.3d 332, 337 (5th Cir.1999)).

Plaintiff concedes that Fifth Circuit case law supports Defendants' argument that his state law claims are preempted by ERISA. *See* Response, p. 2. The Fifth Circuit has previously, and clearly, held that ERISA preempts a breach of contract claim regarding the ERISA plan. *See Memorial Hosp. System v. Northbrook Life Ins. Co.*, 904 F.2d 236, 245 (5th Cir. 1990); *see also Hubbard v. Blue Cross & Blue Shield Assoc.*, 42 F.3d 942, 946 (5th Cir.), *cert. denied*, 515 U.S. 1122 (1995); *McSperitt v. Hartford Life Ins. Co.*, 393 F. Supp. 2d 418, 426 (N.D. Tex. 2005). The Fifth Circuit has also held that ERISA preempts claims related to the denial of ERISA benefits that are based on the Texas Deceptive Trade Practices Act and the Texas Insurance Code. *See Hogan v. Kraft Foods*, 969 F.2d 142, 144-45 (5th Cir. 1992); *McSperitt*, 393 F. Supp. 2d at 427. Fraud claims and fraudulent inducement claims such as those asserted in this case by Plaintiff are also preempted by ERISA. *See McGowin v. ManPower Intern., Inc.*, 363 F.3d 556, 559 (5th Cir. 2004); *Hubbard*, 42 F.3d at 946. ERISA also

preempts common law breach of fiduciary duty claims.  *See Hogan*, 969 F.2d at 145

n. 7 (citing *Hermann Hosp. V. MEBA Medical & Ben. Plan*, 845 F.2d 1286 (5th Cir.

1988)).

As Plaintiff concedes, the Fifth Circuit has consistently held that state law claims

for breach of contract, violations of the DTPA and Insurance Code, fraud and

fraudulent inducement, and breach of fiduciary duty are preempted by ERISA.

Defendants' Motion to Dismiss these claims is granted.

**B.     ERISA Breach of Fiduciary Duty Claim**

Plaintiff asserts a claim for benefits under § 502 of ERISA.  *See* Complaint, ¶ 24.

Because he has an available claim under § 502, Plaintiff cannot pursue a separate

breach of fiduciary duty claim under ERISA.  *See Estate of Bratton v. National Union*

*Fire Ins. Co.*, 215 F.3d 516, 526 (5th Cir. 2000) (citing *Rhorer v. Raytheon Engineers*

*and Constructors, Inc.,* 181 F.3d 634, 639 (5th Cir. 1999); *Tolson v. Avondale Indus.,*

*Inc.*, 141 F.3d 604, 610 (5th Cir. 1998)).

**C.     Claims Against Danka**

The only claim remaining in this case is Plaintiff's § 502 claim for payment of

benefits under the ERISA policy.  Section 502 claims are generally asserted only

against the plan or the entity which actually administers the plan.  *See, e.g., Layes v.*

*Mead Corp.,* 132 F.3d 1246, 1249 (8th Cir. 1998); *Garren v. John Hancock Mut. Life*

*Ins. Co.*, 114 F.3d 186, 187 (11th Cir. 1997); *Madden v. ITT Long Term Disability Plan*, 914 F.2d 1279, 1287 (9th Cir. 1990); *Daniel v. Eaton Corp.*, 839 F.2d 263, 266 (6th Cir. 1988). Additionally, Section 502 permits any money judgment awarded against the plan to be enforceable only against the plan as an entity. Consequently, UNUM, as the plan insurer which actually administers the plan, is the proper defendant for Plaintiff's § 502 claim. Plaintiff has no § 502 claim against Danka, Plaintiff's employer, the plan sponsor, and the nominal plan administrator, and Danka should be dismissed.

## III.   <u>CONCLUSION AND ORDER</u>

Plaintiff's state law claims are preempted by ERISA, and Plaintiff's ERISA claim for breach of fiduciary duty is unavailable because he has a claim for benefits under § 502. UNUM, as the insurer under the ERISA plan, is the only proper defendant. Accordingly, it is hereby

**ORDERED** that Defendants' Motion to Dismiss Certain Claims [Doc. # 4] is **GRANTED**. Plaintiff's state law claims and ERISA claim for breach of fiduciary duty are dismissed. Plaintiff's claims against Danka are dismissed. Plaintiff's § 502 claim for benefits remains pending against UNUM.

SIGNED at Houston, Texas, this **20th** day of **April, 2006.**

Nancy F. Atlas
United States District Judge