## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

DAVID KELLEBREW,               §
    Plaintiff,                 §
                     §
v.                             §          CIVIL ACTION NO. H-06-0275
                     §
UNUM LIFE INSURANCE            §
COMPANY OF AMERICA,            §
    Defendant.                 §

## MEMORANDUM AND ORDER

This ERISA[1] case is before the Court on the Motion for Summary Judgment [Doc. # 16] filed by Defendant Unum Life Insurance Company of America ("Unum") and the Motion for Summary Judgment on Liability [Doc. # 21] filed by Plaintiff David Kellebrew. The motions have been fully briefed.[2] The Court has carefully reviewed the full record in this case, including the excerpts of the administrative record submitted by the parties. Based on this review and the application of governing legal authorities, the Court **grants** Unum's Motion for Summary Judgment and **denies** Plaintiff's Motion for Summary Judgment.

---

[1]    Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 *et seq.*

[2]    *See* Unum's Response to Plaintiff's Motion [Doc. # 22], Plaintiff's Response to Unum's Motion [Doc. # 23], Unum's Reply [Doc. # 24], and Plaintiff's Reply [Doc. # 25].

I.      **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff was insured under an ERISA-governed Group Long Term Disability Insurance Policy (the "Policy") purchased from Unum by his employer, Danka Office Imaging Company ("Danka").[3]   The Policy gives Unum discretionary authority to determine eligibility for benefits and to interpret the terms of the Policy.  *See* Policy, Appendix in Support of Unum's Motion for Summary Judgment ("Administrative Record"), Bates Number UPCL00378.

Plaintiff alleges that he became wholly and continuously disabled as of September 9, 1999, following an on-the-job injury on September 3, 1999.  The claim for benefits was faxed by Plaintiff to Unum on October 11, 2002.  *See* Administrative Record, Bates Numbers UPCL00393 (claim form) and UPCL00394 (fax cover sheet).

Although Plaintiff's claim was untimely, Unum reviewed the claim and granted benefits through July 5, 2000, a period of six months following Plaintiff's lumbar laminectomy on January 5, 2000.  Unum determined, however, that Plaintiff's delay in submitting his claim for benefits prevented Unum from thoroughly evaluating whether Plaintiff was disabled after July 5, 2000.  As a result, Unum denied benefits after

---

[3]      Plaintiff originally named Danka as a defendant in this case.  By Memorandum and Order [Doc. # 10] entered April 20, 2006, the Court dismissed Plaintiff's claims against Danka.

July 5, 2000.  Plaintiff pursued his appeal rights under the Policy, but the denial of benefits was upheld.  This lawsuit followed.

## II.   ANALYSIS

### A.   Standard of Review of ERISA Decision

The United States Supreme Court has held that the denial of benefits under an ERISA plan is "reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989); *see also Lain v. Unum Life Ins. Co. of America*, 279 F.3d 337, 342 (5th Cir. 2002).  If the plan grants to the administrator such discretionary authority, the reviewing court applies an "abuse of discretion" standard.  *See Robinson v. Aetna Life Ins. Co.*, 443 F.3d 389, 395 (5th Cir. 2006).  In this case, the Policy clearly grants discretionary authority to Unum.  *See* Policy, Administrative Record, Bates Number UPCL00378.

"In applying the abuse of discretion standard, we analyze whether the plan administrator acted arbitrarily or capriciously." *Meditrust Financial Services Corp. v. The Sterling Chemicals, Inc.,* 168 F.3d 211, 214 (5th Cir. 1999) (internal quotations and citations omitted).  "When reviewing for arbitrary and capricious actions resulting in an abuse of discretion, we affirm an administrator's decision if it is supported by

substantial evidence.  A decision is arbitrary only if made without a rational connection between the known facts and the decision or between the found facts and the evidence." *Id.* at 215 (internal quotations and citations omitted); *Lain*, 279 F.3d at 342.

In this case, Unum serves as both the administrator and the insurer under the ERISA Plan.  In such circumstances, the Fifth Circuit applies a "sliding scale" to determine how much deference to give – the greater the conflict, the less deferential the standard.  *See, e.g., Robinson*, 443 F.3d at 395.  Where, as here, the only evidence of conflict is the fact that the administrator and the insurer are the same entity, the administrator is "entitled to all but a modicum" of the deference afforded to administrators without a conflict.  *Id., citing Lain*, 279 F.3d at 343.  "Under this standard, the basis for [Unum's] decision must be supported by "some concrete evidence in the administrative record." *Id.*  (*citing Vega v. National Life Ins. Serv., Inc.*, 188 F.3d 287, 302 (5th Cir. 1999) (en banc)).

**B.    Decision Regarding Untimely Filing of Claim for Benefits**

The Policy requires a participant to file a notice of claim "no later than" one year after the expiration of the 90-day elimination period and the 90-day submission deadline. *See* Policy, Administrative Record, Bates Number UPCL00356.  In this case, the latest date for Plaintiff to file his claim for benefits was March 9, 2001.  Unum determined that Plaintiff did not file his claim for benefits until October 11, 2002, the

date he faxed the claim form to Unum.  At no time during the initial evaluation period or during the appeal process did Plaintiff claim to have submitted a completed form to Unum prior to this date.[4]  In his Response to Unum's Motion for Summary Judgment, however, Plaintiff asserts that he immediately advised Danka of his injury.[5]  *See* Affidavit of David Kellebrew, Exh. D to Response to Unum's Motion for Summary Judgment, ¶ 1.  Plaintiff also asserts that about two weeks after his injury, he "contacted Unum by telephone" and was told that Unum already knew about it and that he "did not need to provide any more information or documentation" until he received his full workers' compensation benefits.  *Id.*, ¶ 2.

The district court may consider only the evidence that was available to the plan administrator in evaluating whether he abused his discretion in making the factual determination.  *Vega*, 188 F.3d at 299.  The district court is specifically precluded from receiving evidence to resolve disputed material facts, *i.e.*, a fact that the administrator relied on to resolve the merits of the claim itself.  *Id.*  This both prevents the district court from engaging in additional fact-finding and encourages the parties to present to

---

[4]     Plaintiff stated in a telephone conversation with an Unum representative in December 2002 that he had tried to submit a claim form in 2000, but that he did not have the employer portion of the form.  *See* Administrative Record, Bates Number UPCL00487.

[5]     Plaintiff argues that Danka was Unum's agent and, therefore, notice to Danka was notice to Unum.  The Policy clearly provides, however, that "[u]nder no circumstances will your Employer [Danka] be deemed the agent of Unum."  Policy, Administrative Record, Bates Number UPCL00373.

the administrator the evidence that best supports their case and to resolve the dispute at the administrative level. *Id.* at 298. Consequently, the Court cannot consider Plaintiff's affidavit.

Clear evidence in the administrative record fully supports the finding that Plaintiff first submitted a claims form to Unum in October 2002. The date and time appear prominently on the fax information line of the cover sheet and the form. *See* Administrative Record, Bates Numbers UPCL00393 (claim form) and UPCL00394 (fax cover sheet). There is no evidence in the administrative record that Plaintiff submitted his claim any earlier, let alone prior to March 9, 2001. Consequently, the finding that Plaintiff's claim was untimely is not arbitrary and capricious, and is not an abuse of discretion.

### C.    Decision that Prejudice Resulted from Untimely Filing

Although Plaintiff's claim was untimely, Unum attempted to review the claim on the merits. Unum determined that the records established clearly that Plaintiff was entitled to benefits for the six-month period between January 5, 2000, and July 5, 2000. Unum further concluded, however, that the untimely filing of Plaintiff's claim for benefits caused it to be unable to determine from the available records whether Plaintiff was disabled after July 5, 2000. This decision is supported by concrete evidence in the administrative record.

Plaintiff's treating physician, Dr. Pawan Grover, discussed with Plaintiff various alternatives for treating and controlling his pain, but Dr. Grover began reporting in August 2000 that Plaintiff's "medications are controlling [his] pain and allowing [him] to function." *See* Administrative Record, Bates Number UPCR 00259. Dr. Grover also reported that Plaintiff told him the medications "made a significant difference in the quality of life." *Id.* Dr. John LoCascio, who reviewed the medical records during the original evaluation period, concluded that the symptoms reported by Plaintiff were not supported by the objective medical data in the records. *See* Administrative Record, Bates Number UPCR 00434.

Dr. Grover recommended that Plaintiff undergo a functional impairment evaluation, but neither Dr. Grover nor any of Plaintiff's other treating physicians conducted such an evaluation. Unum found that the absence of a functional capacities evaluation and/or an independent medical examination performed in closer proximity to the time of Plaintiff's surgery prevented Unum from determining whether Plaintiff was disabled after July 5, 2000. *See* Administrative Record, Bates Number UPCR 00414. Unum determined that conducting such evaluations in October 2002 or later would not address Plaintiff's condition in July 2000. The decision is supported by probative evidence in the administrative record and is, therefore, not an abuse of discretion.

Plaintiff argues persuasively that there is evidence in the record to support his claim of disability.  The standard of review, however, is whether there is concrete evidence to support Unum's decision, not whether there is evidence in the record to support Plaintiff's claim.  *See Ellis v. Liberty Life Assur. Co. of Boston*, 394 F.3d 262, 273 (5th Cir. 2004), *cert. denied*, __ U.S. __, 125 S. Ct. 2941 (2005).  As a result, the Court cannot conclude that Unum abused its discretion or acted in an arbitrary and capricious manner.  Unum is entitled to summary judgment.

## III.   **CONCLUSION AND ORDER**

Concrete evidence in the administrative record of Plaintiff's claim for long-term disability benefits under the Policy supports Unum's decision that Plaintiff's claim was untimely.  The record further supports the decision that the untimely filing prejudiced Unum and prevented it from determining whether Plaintiff was disabled after July 5, 2000.  Therefore, Unum's decision was not an abuse of discretion, and it is hereby

**ORDERED** that Unum's Motion for Summary Judgment [Doc. # 16] is **GRANTED** and Plaintiff's Motion for Summary Judgment on Liability [Doc. # 21] is **DENIED**.  The Court will issue a separate final judgment.

SIGNED at Houston, Texas, this **11th** day of **August, 2006.**

Nancy F. Atlas
United States District Judge